REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol, Room 1110 Lincoln, Nebraska 68509
Dear Senator Haberman:
You have asked whether there are any constitutional problems with respect to LB 890, which would amend Neb.Rev.Stat. § 77-27,119 (Supp. 1981). We believe there is no problem with the general purpose of the bill, but the language needs to be clarified, to resolve some uncertainties now present.
Section 77-27,119 now requires that a state income tax return shall have a place where the taxpayer shall designate the school district in which he or she lives and the county in which the district is located. LB 890 would amend this section by adding the following language: `Commencing with the taxable year 1982, the amount of twenty dollars will be added to the amount required to be shown on the return if, after one request by the commissioner, such return does not include the school district information required by this subsection.'
In State ex rel. Douglas v. Herrington, 206 Neb. 516,294 N.W.2d 330 (1980), the court said that the test for vagueness in a statute was whether it either forbade or required the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application.
The first vagueness we notice in the bill is in the term, `the amount required to be shown on the return.' In looking over the 1981 return, we see at least ten different amounts required to be shown, including federal adjusted gross income, federal taxable income, federal income tax before credits, and Nebraska income tax. We assume it is the latter figure which was intended, but the language of the amendment does not require that conclusion.
Also, the bill requires the addition of the penalty if, after one request, `such return' does not include the required information. Obviously, the return filed is not going to be sent back to the taxpayer for the insertion of the information on the school district. The information will be furnished by the completion and return of some supplemental form. We believe it should be made clear that it is the failure to furnish the information to the Tax Commissioner upon request which will result in the penalty.
We think you also should consider the situation where, by mistake or typographical error, the wrong information is put in the return, or given in response to the Tax Commissioner's request. If it is put in the original return, it will probably not be discovered until, somehow, the Tax Commissioner finds out what the actual school district is, so he won't make his request until such time, at which time he may already have the information requested. Obviously, however, under the bill as written, the twenty dollar penalty cannot be assessed until a request has been made, and the taxpayer has failed to respond. If wrong information in response to a request is to be treated as a failure to respond, the statute should make it clear.
The bill does not specify the details about the request for information by the Tax Commissioner, the response by the taxpayer, the time within which such response must be received, nor the procedure for assessing the twenty dollar penalty in the event of failure of proper response. However, the bill requires the Tax Commissioner to adopt and promulgate rules and regulations to insure compliance with the requirement contained in § 77-27,119(2), and we believe such rules and regulations can properly supply those details.
If the bill is clarified in the areas we have discussed, we believe it can be sustained against constitutional attack.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General